```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF OKLAHOMA

STARLA J. BROWN,                  )
                                  )
               Plaintiff,         )
                                  )
v.                                )   Case No. CIV-19-095-KEW
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
               Defendant.         )
```

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Timothy White, the attorney for Plaintiff (Docket Entry #28). Counsel requests that he be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $12,688.25. Counsel was employed by Plaintiff to appeal the adverse decision rendered by the Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Plaintiff's counsel filed an opening brief and a reply brief on her behalf. Counsel successfully obtained a reversal and remand to Defendant for further proceedings. In compensation for his services, Plaintiff's counsel was awarded EAJA fees in the amount

of $7,000.00. On remand, the ALJ entered a fully favorable decision and awarded past due benefits of $74,753.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). The Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of §406(b).

Defendant states that it generally does not take a position on awarding the amount requested but concedes that it has no objection to the award. This Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth

2

Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained.

Additionally, the request for § 406(b) fees must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on August 14, 2021. Counsel filed the subject Motion on March 28, 2022. Although counsel failed to file for an extension under Rule 60(b) or explain the filing delay in his Motion, this Court cannot find that the delay in filing warrants the draconian result of denying an award of fees. Therefore, the request is considered timely.

IT IS THEREFORE ORDERED the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Timothy White, the attorney for

Plaintiff (Docket Entry #28), is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $12,688.25. Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between any EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 10th day of June, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE